UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CLARISSA K. WILLIAMS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:21-CV-202-TLS |
| BRANDON WAKELEY and LLOYD JEFFREY ELDRIDGE, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on a Stipulation of Dismissal [ECF No. 56], filed on June 4, 2024. The Stipulation represents that this lawsuit has been settled in its entirety and that the parties agree to dismiss the matter with prejudice. However, the Stipulation provides that the Court will retain jurisdiction over the pending settlement approval. And the Stipulation is only signed by counsel for the Plaintiff.

A plaintiff may voluntarily dismiss a civil action by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). A stipulation of dismissal that meets the requirements of Rule 41(a)(1)(A)(ii) effectively dismisses the case upon filing without further order of the court. *Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[W]hen a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction." *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007); *see also Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006) ("[A] district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain

jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice." (citing *Lynch v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002))). Because the stipulation of dismissal is with prejudice, the Court cannot retain jurisdiction to enforce claims arising from the settlement agreement.

Accordingly, the Court hereby STRIKES the Stipulation of Dismissal [ECF No. 56] and GRANTS the parties up to and including July 16, 2024, to file a stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), signed by all parties, that does not require the Court to retain jurisdiction. If necessary, the parties may seek an extension of this deadline in order to finalize their settlement.

SO ORDERED on June 6, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT